Filed 2/2/24  P. v. Lottinville CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085386 |
| Plaintiff and Respondent, | (Super. Ct. No. F21904902) |
| v. | |
| ALAN PIERRE LOTTINVILLE, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Poochigian, J. and Smith, J.

Counsel for defendant Alan Pierre Lottinville has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asking this court to conduct an independent review of the record on appeal. Although we offered defendant the opportunity to present his own brief on appeal through a letter, he has not responded.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On June 22, 2021, a felony complaint was filed against defendant alleging he drove with a blood alcohol content (BAC) of at least 0.08 percent, causing injury to another person (Veh. Code,[1] § 23153, subd. (b), a felony; count 1); drove while under the influence, causing injury to another person (§ 23153, subd. (a), a felony; count 2); while evading an officer, caused injury to another person (§ 2800.3, subd. (a), a felony; count 3); evaded an officer with wanton disregard (§ 2800.2, subd. (a), a felony; count 4); and drove while his driving privileges had been suspended due to a prior conviction for driving while under the influence (§ 14601.2, subd. (a), a misdemeanor; count 5). Counts 1 and 2 further alleged defendant drove with a BAC of 0.15 percent or higher (§ 23578), and that he personally inflicted great bodily injury during the commission of these offenses (Penal Code, § 12022.7, subd. (a)).

On May 19, 2022, defendant pled no contest to counts 1 and 3, and admitted the count 1 enhancements alleging he drove with a BAC of 0.15 percent or higher and that he inflicted great bodily injury. As a result of this plea, the remaining counts in the

---

[1] All further statutory references are to the Vehicle Code, unless otherwise specified.

complaint were then dismissed. Before accepting defendant's plea, the trial court acknowledged his sentence would not exceed five years.

On October 7, 2022, after denying a Penal Code section 1385 motion to strike an enhancement, the trial court sentenced defendant to the middle term of two years for count 1, adding a three-year consecutive term for the enhancement alleging he caused great bodily injury to another person. To this sentence, the court added one-third of the middle term for count 3, which was to run concurrently with the term for count 1. This concurrent term was for one year eight months. Finally, the court awarded defendant total time credits of 113 days.

Following his sentencing, defendant filed a timely notice of appeal. Attached to the notice of appeal was a request for a certificate of probable cause, which was granted on December 7, 2022. In his request, defendant expressed his belief the sentence was too harsh under the circumstances.

## FACTUAL SUMMARY[2]

On April 22, 2021, defendant, who had a BAC of 0.27 percent, was driving on a public roadway when he was involved in an accident that caused great bodily injury to his wife. This occurred after defendant attempted to "flee or elude a pursuing peace officer when the peace officer's motor vehicle exhibited at least one lighted red lamp" visible from the front of the marked vehicle.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there is no arguable issue on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.

---

[2]     This factual summary is taken from the facts admitted by defendant at the time his pleas of no contest were accepted.

3.